[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
Before the court is the defendant's motion for summary judgment. The following facts are from the plaintiff's complaint. In 1990, the plaintiff, Carol Moreau-Nava, acquired a boat slip. The plaintiff insured the boat slip with the defendant, Prudential Insurance Company of America. On April 9, 1996, Sam Livieri made a claim that his boat was damaged as a result of the plaintiff's negligence. The plaintiff had to retain outside counsel. On October 7, 1999, following a trial on Livieri's claim, judgment was entered against the plaintiff in the amount of $5,957.40. On September 18, 2000, the plaintiff initiated this action against the defendant. In her one-count complaint the plaintiff asserts a claim for breach of contract. Her claim is based on her contention that the defendant breached the insurance policy by failing to defend her against Livieri's claim.
On November 17, 2000, the defendant filed an answer and special defense. On March 19, 2001, the defendant filed a motion for summary judgment with a supporting memorandum. On May 1, 2002, the plaintiff filed an objection to the motion for summary judgment with a supporting memorandum. The motion was heard by the court on May 7, 2001.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of CT Page 12321-r material facts." (Citations omitted; internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000).
In its motion for summary judgment, the defendant asserts it is entitled to judgment as a matter of law because it did not have a contractual obligation to defend the plaintiff as to Livieri's claim. Specifically, the defendant alleges that the policy contains a provision which excludes coverage for rentals and business pursuits. The defendant contends that the provision applies because the plaintiff rented the boat slip to another person during the time that Livieri sustained his damages. The defendant contends that the provision applies because the plaintiff rented the boat slip to another person during the time that Livieri sustained his damages. The plaintiff admits that she rented the boat slip to another person during the relevant time. She contends however, that the exclusion provision does not supply because she received only a small profit form the rental and thus it does not qualify as a business pursuit. In addition, the plaintiff argues that whether her rental of the boat is a business pursuit is a question of fact.
"The duty to defend an insured arises if the complaint states a cause of action which appears on its face to be within the terms of the policy coverage . . . Because [t]he duty to defend . . . does not depend on whether the injured party will prevail against the insured . . . [i]f an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." [Citations omitted; emphasis in original, internal quotation marks omitted.) ImperialCasualty Indemnity Co. v. State, 246 Conn. 313, 323-24, 714 A.2d 1230
(1998). Thus the question of whether the defendant had a duty to defend the plaintiff in Livieri's action depends on whether, in light of the policy language, the complaint in Livieri's action alleged conduct for which the defendant provided coverage to the plaintiff. Id. 323.
The insurance policy contains an exclusion provision which states in pertinent part: "1. Coverage E — Personal Liability and Coverage F— Medical Payments to Others do not apply to bodily injury orproperty damage . . . b. arising out of business pursuits of any insured
or the rental or holding for rental of any part of any premises by anyinsured." (Emphasis in original.) (Defendant's Memorandum, Exhibit B, p. 12.)
"An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the CT Page 12321-s language employed in the policy . . . The determinative question is the intent of the parties, that is, what coverage the . . . [insured] expected to receive and what the [insurer] was to provide, as disclosed by the provisions of the policy . . . The policy words must be accorded their natural and ordinary meaning . . . [and] any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy . . . [T]his rule of construction favorable to the insured extends to exclusion clauses." (Citations omitted; internal quotation marks omitted.) Id., 324-25. "This rule of construction may not be applied, however, unless the policy terms are indeed ambiguous . . . Moreover, the mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous . . . [C]onstruction of a contract of insurance presents a question of law for the court . . ." (Citations omitted; internal quotation marks omitted.)Hansen v. Ohio Casualty Ins. Co., 239 Conn. 537, 542-43, 687 A.2d 1262
(1996).
The terms of the exclusion provision are not ambiguous. It is plain that the defendant's liability does not extend to property damage arising out of either the plaintiff's business pursuit or her rental of the premises.[1] The plaintiff's conduct does not have to meet both criteria in order for the exclusion provision to apply. The plaintiff has conceded that she rented the boat slip, therefore her conduct meets one of the criteria of the provision. Consequently, the defendant did not have a duty to defend the plaintiff against Livieri's claim.
Accordingly, the defendant's motion for summary judgment is granted.
SKOLNICK, J.